SOUTHERN COTTON MILLS *v.* RAGAN *et al.*, receivers
COOPER *et al. v.* PARSONS *et al.*

LUMPKIN, J.  1. Whether or not a bank was authorized by its charter to act as a trustee for bondholders secured by a mortgage, this did not authorize decrees, rendered in an equitable proceeding to foreclose the mortgage, to be treated as nullities, at the instance of a person who took a conveyance under a sale by receivers appointed in such case.

2. Under the pleadings and evidence, there was no error in refusing to appoint a receiver under the petition filed by the grantee from the receivers, which sought to have the conveyance cancelled, and to have an accounting.

3. A corporation issued bonds and executed a mortgage to secure them. Under an equitable petition filed by the trustee named in the mortgage, the property of the mortgagor was placed in the hands of receivers, and a decree of foreclosure was entered. The receivers sold at private sale the property covered by the mortgage, and, upon confirmation by the court, made a deed and delivered the property, the grantee paying an amount in cash, giving a certain note to the receivers for another amount, and assuming the payment of the bonds and buying subject to the mortgage. *Held*, that the directors of the mortgagor had no such title or interest as authorized them to file, in their own names, as directors, a petition to enforce the contract of purchase from the original receivers or to seek to foreclose the mortgage, and to have new receivers appointed to take charge of the property sold.

4. It was accordingly erroneous to appoint receivers under an equitable petition so filed, over objection of the purchasers.

5. Under the facts of this case, such appointment, upon a petition filed solely by the directors of the mortgagor in their individual names, as directors, was erroneous, although the bondholders and the trustees were named as defendants along with the purchasers at the receivers' sale, and some of the defendant bondholders, under the name of intervenors, and the trustee joined in the prayer for a receiver.

*Judgment affirmed in the first entitled case, and reversed in the second. All the Justices concur, except Beck, J., absent.*

AUGUST 22, 1911.  REHEARING DENIED SEPTEMBER 22, 1911.

Receivership.  Before Judge Martin.  Pulaski superior court. July 2, 1910.

*Robert L. Berner, John R. Cooper,* and *M. H. Boyer,* for plaintiffs in error.  *Hardeman, Jones, Callaway & Johnston, W. L. & Warren Grice,* and *John P. Ross,* contra.